IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES V. OLIVER,                      :
                                        :
    Petitioner                          :
                                        :
    v.                                  :   CIVIL NO. 4:CV-14-2273
                                        :
THERESA DELBALSO, ET AL.,               :   (Judge Brann)
                                        :
    Respondents                         :

## MEMORANDUM

April 7, 2015

**Background**

This pro se petition for writ of habeas corpus under 28 U.S.C.§ 2254 was filed by Charles V. Oliver, an inmate presently confined in the Retreat State Correctional Institution Prison, Hunlock Creek, Pennsylvania (SCI-Retreat). Named as respondent is SCI-retreat Superintendent Theresa DelBalso. The required filing fee has been paid. For the reasons set forth below, Oliver's petition will be dismissed as meritless.

Petitioner was convicted of first degree murder and criminal conspiracy following a jury trial in the Court of Common Pleas of Lackawanna County, Pennsylvania. On January 26, 2995, Petitioner was sentenced to a term of life imprisonment. The Pennsylvania Superior Court affirmed Petitioner's conviction and sentence by decision dated April 3, 1996. See Commonwealth v. Oliver, 449 Pa.

Super. 456, 674 A. 2d (Pa. Super. 1996). The record also indicates that Petitioner unsuccessfully sought relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1] Oliver indicates that this action is timely filed and that his pending claims were previously presented to the Pennsylvania state courts.[2]

Petitioner generally asserts that he is entitled to federal habeas corpus relief because of government interference, newly discovered evidence and Brady violations.[3] See Doc. 1, p. 1. Oliver contends that his state criminal prosecution and the purported withholding of Brady material was part of an elaborate scheme involving multiple nationally known political figures to cover up prior acts of misconduct and to interfere/undermine a political corruption probe.

He also contends that the Commonwealth's chief witness and his co-defendant, Frank Mantione, perjured himself when talking about a deal he made with District Attorney's office. The Petitioner asserts that Mantione perjured himself with the help of former President William Clinton. See id. at p. 5.

By way of background, Oliver explains that he is a child of sexual assault and describes President Clinton as being his partial biological father, however, "not

---

1. The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

2. It is noted that Petitioner filed a prior § 2254 action with this Court, Oliver v. McGrady, Civil No. 3:12-CV-1445 (Jones, J.), which was dismissed on October 22, 2012 as being untimely.

3. See Brady v. Maryland, 373 U.S. 83 (1963). Brady recognized that the government has a duty to provide the defense with potentially exculpatory or impeachment evidence.

my father of conception." Id.  Petitioner identifies his biological father as being Mark Shriver and claims that the aforementioned sexual assault took place at Eunice Kennedy Shriver's home in Virginia and that thereafter "Bill Clinton raped Petitioners [sic] mother." Id.

The Petition elaborates that the rape of Oliver's mother led to two separate shootings at Oliver's home in New Jersey.  The first shooting is described as occurring in April, 1993 during a surprise party hosted by Hillary Clinton and involved the Petitioner being shot by former Clinton advisor, Vince Foster, who later killed himself.[4]  See id.  During the second incident, Oliver was purportedly shot twice by former President Clinton and "Oliver took pictures of wounds with Coretta Scott King and family of them."[5]  Id.  It is also alleged that Petitioner removed the bullets with the help of Mrs. Clinton and the late Mrs. King's family.

Oliver further contends that former President Clinton ordered the arrest of Oliver with the help of the District Attorney and "some strange help" from the Democratic Party and Congress.  Id.  As relief, Oliver seeks a new trial and his release from custody.

**Discussion**

Habeas corpus petitions brought under § 2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules

---

4.  A subsequent portion of the Petition indicates that Hillary Clinton had a surprise birthday party for the Petitioner.  See id. at p. 8.  Petitioner adds that Foster killed himself to avoid having to testify about the shooting of Oliver.  See id.

5.  Oliver is apparently referencing the late wife and family of Doctor Martin Luther King, Jr.

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir.), <u>cert. denied</u>, 400 U.S. 906 (1970).  <u>Accord</u> <u>Love v. Butler</u>, 952 F.2d access to a federal court, it is not surprising that subjects of federal investigation.

      Fantastic, delusional, and simply unbelievable claims are clearly subject to dismissal.  <u>See</u>  <u>Golden v. Coleman</u>, 429 Fed. Appx. 73  (3d Cir. 2011).  Clearly, Petitioner's assertions that his Pennsylvania state court homicide conviction was the end result of an elaborate coverup scheme involving multiple nationally known political figures including former President Clinton is a delusional scenario created by the Petitioner.

      In light of the irrational contentions raised by Petition, his pending action is clearly frivolous and as such is subject to summary dismissal under Rule 4.  <u>See</u> <u>Kersh v. Smeler</u>, No. 10-cv-90,  2010 WL 1372414 * 1  (D. Colo. April 5, 2010)(fantastic and delusional habeas corpus claims and supporting allegations are subject to dismissal under Rule 4); <u>Andrews v. Dretke</u>, No. 3-03-CV-1605, 2003 WL 22251084 *1  (N.D. Tex.  Sept. 18, 2003)(a court has a duty to screen out frivolous §

2254 petitions and eliminate the burden that would be placed on respondent by ordering an unnecessary answer). Moreover, given the farfetched nature of the incredible allegations raised by Oliver, it is clear that the Petition is incapable of being cured by amendment. An appropriate Order will enter.[6]

                          BY THE COURT:

                          s/ Matthew W. Brann
                          Matthew W. Brann
                          United States District Judge

---

[6]. It is noted that the issue of whether the Petitioner was mentally competent at the time of his state court criminal proceedings is not before this Court.